### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Miguel Montoya**, *Plaintiff,* v. **GOPRO, INC., ACME,** *Defendants.* | **CIVIL NO. 22-1534 (DRD)** |

### Opinion and Order

Before the Court is defendant GoPro Inc.'s ("GoPro") motion for transfer of venue, or alternatively, to dismiss the complaint and compel arbitration pursuant to Fed.R.Civ.P. 12(b)(1) or dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Docket No. 13.

GoPro moves to transfer venue to the United States District Court for the Northern District of California pursuant to the arbitration agreement between the parties. For the reasons set forth below, the Court **GRANTS** GoPro's motion to transfer the case to the Northern District of California. GoPro's requests for dismissal under Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(b)(1), and to compel arbitration are, therefore, **DENIED WITHOUT PREJUDICE.** Hence the Court proceeds to order to send the instant case to the Northern District of California. The Court explains.

I.      Procedural and Factual Background

Mr. Miguel Montoya ("Montoya") is a citizen of Puerto Rico, resident of the Municipality of Guaynabo. Docket No. 1 at pg. 1. He filed a *Complaint* against GoPro and other unknown individuals in the Puerto Rico Court of First Instance of Aguadilla on September 27, 2022. Docket No.: 1, Ex. 1 at pg. 1.[1] Montoya claims physical and emotional damages allegedly suffered while surfing using GoPro Hero 7 a camera with the GoPro mouth mount accessory. Docket No.: 13 at pg. 2. The alleged damages occurred on or around October 30, 2021. Docket No.: 1-1 at pg. 4.

GoPro is an American technology company. It manufactures action cameras and develops its own mobile apps and video-editing software. GoPro is duly organized and incorporated under the laws of the state of Delaware, its principal place of business is in California. Docket No.: 1 at pg. 4.

On November 11, 2022, GoPro filed a *Notice of Removal* in this Court removing the case from the Commonwealth of Puerto Rico Court of First Instance based on diversity jurisdiction. Docket No.: 1. Hence, on December 19, 2022, GoPro filed a request to change venue, to transfer the case, to compel arbitration, or in the alternative, dismiss the complaint. Docket No.:13. GoPro strongly alleges its relationship with Montoya is governed by a binding written arbitration agreement referred to as the

---

[1] *Miguel Montoya v. GoPro, Inc., ACME*, Civil No. AG2022CV01441 (601).

*Terms of Use* ("TOU") and therefore the complaint should be transferred to the Northern District of California.

The TOU establishes the rights and obligations in the purchase and use of the GoPro products. The TOU is governed by a 2-step alternative dispute resolution process of negotiation and binding arbitration. Docket No. 13 at pg. 2. This binding arbitration is governed by the Federal Arbitration Act. ("FAA") 9 U.S.C. §1, *et seq*.

Because Montoya is a resident of Guaynabo, Puerto Rico, for purposes of the company's policy, he is considered a resident outside of the continental United States under the TOU. Docket 13, Ex. 1 at pg. 2.[2] The TOU mandates that the arbitration must be initiated by filing a case before the Northern District of California. Docket No. 13, Ex 2 at pg.8-9. GoPro moves the Court to transfer the case to the Northern District of California, where the case would be stayed, and the parties would be compelled to arbitration pursuant to the TOU.

Montoya failed to file any response to the requests filed by GoPro. This Court declared the dispositive motion and transfer request filed by GoPro as unopposed. (Docket Nos.: 17 & 19.)

II.     Applicable Law

---

[2] The unsworn declaration of Jason Stephen, Deputy General Counsel and Assistant Corporate Secretary and Authorizes Representative of GoPro, Inc., states the following: "Under GoPro's business structure, a user is considered to reside within the United States if they reside within the United States mainland, and therefore a user who resides in Puerto Rico, which is not part of the United States mainland, is considered a resident "outside the United States."

A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that a "written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract… shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The FAA contemplates Congress' intent to create a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346, 131 S.CT. 1740, 179 L.Ed.2d 742 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.E.d.2d 765 (1983)). In passing the FAA, Congress sought to "place arbitration agreements 'upon the same footing as other contracts.'" *Air-Con, Inc. v. Daikin Applied Latin America*, LLC, 21 F.4th 168, 173 (1st Cir. 2021)(quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Hence the FAA requires courts to treat arbitration "as a matter of contract" and enforce agreements to arbitrate "according to their terms." *Id* at 173. "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than in a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

The language of Section 2 of the FAA is couched in imperative binding terms. That is, "[c]ontracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties,

by contracting for arbitration, sought to eliminate." *Southland Corp. v. Keating*, 465 U.S. 1, 7, (1984). Indeed, "[s]ection 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary…" *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, (1983).

The FAA protects the integrity of arbitration agreements. Once deemed valid, irrevocable, and enforceable – the Court lacks jurisdiction to intervene. When a contract contains an arbitration clause, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Crespo v. Matco Tools Corp.*, 274 F. Supp. 3d 15, 20 (D.P.R. 2017).

Furthermore, the Supreme Court has therefore set forth a specific presumption of arbitrability:

> Finally, it has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*AT & T Technologies, Inc. v. Communications Workers of America, Inc.*, 475 U.S. 643, 650, (1986) (*citing United Steelworkers of America v. Warrior & Gulf*, 363 U.S. 574, 582-83 (1960)).

Section 4 of the FAA explicitly addresses the issue of where is the proper venue to entertain motions to compel arbitration. *Nat. Indem. Co. v. Transatlantic Reins. Co.,* 13 F. Supp. 3d 992, 1000 (D. Nev. 2014). Section 4 reads, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, **the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.** 9 U.S.C. § 4.

Unfortunately, Section 4 of the FAA fails to provide clear guidance on this issue. Thus, federal circuits have taken three different approaches when the underlying agreement states that arbitration shall proceed in

another district. The First Circuit has not had an opportunity to address this issue. *Oliveira v. New Prime, Inc.*, 857 F.3d 7, 11 n. 7 (1st Cir. 2017).

The first approach is that a district court may compel arbitration in the venue specified in the agreement, even when that venue is in another district. *Nat. Indem. Co.*, 13 F. Supp. 3d at 1001 (citing *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276-1278 (5th Cir. 1975)). The second approach permits a district court to compel arbitration in its own district, even when an arbitration clause specifies another venue. *Id.* (citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-969 (9th Cir. 1941)). The third, majority approach is when an arbitration provision contains a forum selection clause, the only proper venue in which to compel arbitration is the venue encompassing that forum. *Nat. Indem. Co.*, 13 F. Supp. 3d at 1001-1002 (citing *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009); *Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214 (10th Cir. 2005); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003); *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 82-83 (S.D.N.Y. 2010); *Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674, 683 (E.D. Va. 2009)).

B. <u>Motion to Transfer Venue</u>

District courts may transfer any civil action to any other district or division where the case might have been brought, if the transfer is "in the

interest of justice," and made for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Compared to the other federal venue provisions, the analysis under § 1404(a) presumes that the plaintiff's choice is proper. Thus, under § 1404(a), the movant bears the burden of showing that a transfer is not only appropriate, but also preferable under the circumstances. *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000).

The § 1404(a) analysis starts with the consideration of the statutory elements: whether the transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice." *Coady*, 223 F.3d at 11. Depending on the circumstances of each case, courts may—when relevant—consider a vast array of other factors that assist with this determination. These include "the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Id* citing *Cianbro Corp. v. Curran–Lavoie,* Inc., 814 F.2d 7, 11 (1st Cir. 1987). Other considerations are drawn from the forum non conveniens doctrine and include the relative congestion between the transferor and transferee district; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict

8

of laws or in the application of foreign law. See *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981).

    III. Discussion

The Court begins by noting an intertwined issue that arises from the simultaneous filing of a motion to dismiss the complaint, to compel arbitration under the FAA and a motion to transfer venue under 28 U.S.C. § 1404(a) when the underlying TOU has both an arbitration clause and a forum-selection clause. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013) (holding that the proper mechanism to enforce forum-selection clauses is § 1404(a) and not § 1406(a) nor Fed. R. Civ. P. 12(b)(3)). *See also* Docket No. 13 Ex. 2-4.

Herein, the Court favors the third approach - when an arbitration provision contains a forum selection clause, the only proper venue in which to compel arbitration is the venue encompassing that forum - because it is what best adheres to Section 4 of the FAA.  It does not require the Court to ignore the statute's directives that arbitration "shall ... proceed ... in accordance with the terms of the agreement." *Nat. Indem. Co.,* 13 F. Supp. 3d at 1002 (quoting 9 U.S.C. § 4)[3]. GoPro's argument is that this forum is inconvenient as the parties are bound by an agreement to arbitrate which specifies the United States District Court where any controversy would take place.

---

[3] Relevant portion of 9 U.S.C. § 4 can be found in this opinion at page 5.

The binding TOU specifies that the **"[f]or residents outside the United States, arbitration shall be initiated in the courts of the Northern District of California, and GoPro and you agree to submit to the personal jurisdiction of the courts of the Northern District of California to compel arbitration, stay proceedings pending arbitration, or to confirm, modify, vacate, or enter judgment on the award entered by the arbitrator."** Docket No. 13, Ex. 2 at pgs. 8-9 and Ex. 3 at pg. 12.[4] In this particular case, the terms of the TOU indicate that arbitration shall proceed in the Northern District of California. The Court agrees. The Court holds that the only proper venue in which to compel arbitration is the venue envisioned in the forum-selection clause.

Furthermore, forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

In the instant case, Montoya has failed to show this is unreasonable as he has not opposed to GoPro's requests.

Montoya states in his complaint that he purchased the camera and mouthpiece directly from the GoPro webpage. One of two TOU's were effective at the time he made the purchase – the one enacted in the year

---

[4] Exhibit 1: The Court has included a copy of both applicable Terms of Use for GoPro products.

10

2016 and the one enacted in 2020. Both TOU's establish a valid and enforceable alternative dispute resolution process and binding arbitration.

Both applicable Terms of Use provide that, for users who are residents outside the United States, binding arbitration should be initiated in the Northern District of California. Under GoPro's business structure, a user is considered to reside within the United States if they reside within the United States mainland, and therefore a user who resides in Puerto Rico, which is not part of the United States mainland, is considered as a resident "outside the United States."

With a request to transfer a case, the Court must evaluate both the convenience of the parties and several public-interest considerations when considering a Section 1404(a) motion. *Atlantic Marine*, 571 U.S. at 62, n. 6 (listing considerations). The ordinary course of action is that the Court will weigh the relevant factors and determine whether a transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interest of justice." *Atlantic Marine*, 571 U.S at 62-63 (citing 28 U.S.C. § 1404(a)). However, the presence of a valid forum-selection clause requires the Court to change the usual § 1404(a) analysis in three ways. *Id.* ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases").

First, Plaintiff bears the burden of establishing that transfer to the Northern District of California is unwarranted. *Atlantic Marine,* 571 U.S. at 63. Second, the Court should not consider arguments about the parties'

11

private interests. *Atlantic Marine*, 571 U.S. at 64. Therefore, the Court may only consider arguments about public-interest factors only. *Id*. Third, when a party bound by a forum-selection clause disregards its contractual obligation and files suit in a different forum, a § 1404(a) transfer will not carry with it the original venue's choice-of-law rules. *Id.* The Supreme Court in *Atlantic Marine* deemed that exception necessary to prevent "defendants, properly subjected to suit in the transferor state," from "invoking § 1404(a) to gain the benefits of the laws of another jurisdiction." *Atlantic Marine*, 571 U.S. at 65.

Herein, the Court finds that Plaintiff did not prove that transfer to the parties' contractually preselected forum of the Northern District of California is unwarranted or inappropriate. Plaintiff did not show that the public-interest factors overwhelmingly disfavor a transfer. Instead, Plaintiff has chosen to remain silent and not provide reasons for his claims against GoPro to remain in Puerto Rico.

Consequently, by virtue of the express agreement of the parties, and per Mr. Montoya's allegations, the complaint must be transferred to the Northern District of California. *Vitalife, Inc. v. Omniguide*, Inc., 353 F. Supp. 3d 150, 155 (D.P.R. 2018) ("Because the parties adopted a forum selection clause, only under extraordinary circumstances unrelated to the convenience of the parties should [a] §1404(a) motion be denied.")

IV. Conclusion

Based on the foregoing, the Court enters the following rulings:

- Motion for Transfer of Venue is **GRANTED**. The Court orders this case to be transferred to the United States District Court for the Northern District of California pursuant to the agreement between the parties. The Clerk of Court will process the transfer of this case to the United States District Court for the Northern District of California.
- Motion to Dismiss the Complaint (Docket No. 1-1) and Compel Arbitration Pursuant to 12(b)(1) is **DENIED WITHOUT PREJUDICE**.
- Motion to Dismiss the Complaint (Docket No. 1-1) Pursuant to 12(b)(6) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 11th day of August 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge